## GURULE V. BOARD OF EDUCATION

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**ROBERTO GURULE and MICHELLE, JOHNSON, as Parents and Next Friends, of MATTHEW GURULE, a Minor,**
**Plaintiffs-Appellants,**
**v.**
**THE BOARD OF EDUCATION OF THE LOS LUNAS PUBLIC SCHOOL DISTRICT, a Statutory Board of Education; RON HENDRIX, Principal of Valencia Middle School; WILSON HOLLAND, Athletic Director of Los Lunas Public School District; STEVEN PHILLIPS, Valencia Middle School Wrestling Coach; and MANUEL OTERO, Valencia Middle School Wrestling Coach,**
**Defendants-Appellees.**

Docket No. A-1-CA-35146
COURT OF APPEALS OF NEW MEXICO
April 25, 2019

APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY, Pedro G. Rael, District Judge

### COUNSEL

Law Firm of David C. Chavez, David C. Chavez, Lauren L. Zabicki, Los Lunas, NM, Grayson Law Office, Brian G. Grayson, Albuquerque, NM, for Appellants

German Burnette & Associates, LLC, Ethan D. Watson, Jason M. Burnette, Elizabeth L. German, Albuquerque, NM, for Appellees

### JUDGES

MICHAEL D. BUSTAMANTE, Judge Pro Tempore. WE CONCUR:  EDWARD L. CHÀVEZ, Justice Pro Tempore, RICHARD C. BOSSON, Justice Pro Tempore

**AUTHOR:** MICHAEL D. BUSTAMANTE

### MEMORANDUM OPINION

**BUSTAMANTE, Judge Pro Tempore.**

**{1}**     Roberto Gurule and Michelle Johnson, as parents and next friends of Matthew Gurule, (collectively, Plaintiffs) appeal from the dismissal of their case following a jury verdict in favor of Defendants. Plaintiffs assert that (1) the district court erred in refusing to admit into evidence a series of policies, procedures, rules, regulations, and guidelines addressing the conduct of the school's athletic program; and (2) there was an "open court" violation during the jury's deliberations. Concluding that Plaintiffs' first theory requires reversal, we need not address the open court issue.

## BACKGROUND

**{2}**     Because this is memorandum opinion and the parties are familiar with the facts of the case, there is no need to dwell on them at too great a length. As Plaintiffs describe in their second amended complaint and as agreed to in the approved pretrial order, in November 2012, Matthew Gurule was a twelve-year-old student at Valencia Middle School. Matthew had never before participated in any school-sponsored sports program. He joined the wrestling team sponsored by the school. November 8, 2012, was the first day of practice for the wrestling team. As part of activities that day, the boys were allowed to engage in a game called "king of the mat," the object of which apparently was to score takedown points. Matthew was paired with an older, stronger boy who had at least one year of wrestling experience. The boys engaged in the game twice. In the second match Matthew was taken down on his neck forcefully enough to cause some injury to his cervical area. The extent of the injury and whether it should have been apparent to the coaches is of some dispute between the parties.

**{3}**     Plaintiffs filed suit against the Board of Education of the Los Lunas Public School District (School District), as a body and four individuals, including Ron Hendrix, the principal of Valencia Middle School, Wilson Holland, the Los Lunas School District athletic director, and the two coaches who were on site that day, Steven Phillips and Manuel Otero (collectively, Defendants). Plaintiffs asserted a number of theories of liability, including that (1) the coaches were not qualified to be wrestling coaches; (2) they failed to follow the School District's athletic program policies; (3) they were not paying appropriate attention to the students on the day of the injury and thus allowed a dangerous mismatch between the skill and experience levels of Matthew and the other student; (4) one of the coaches did not have an appropriate license from the State Public Education Department (PED) on the day of the injury and had not been licensed the entire prior year while he coached for the School District; (5) the School District did not properly screen the coaches before hiring them and did not properly train them after hiring them; (6) one of the coaches had a criminal record that should have disqualified him from the job; (7) the coaches failed to follow regulations requiring coaches to recognize and provide appropriate care for injuries; (8) the School District failed to follow warnings on the wrestling mats concerning the need for properly trained and qualified coaches supervising activity on the mats, and (9) all Defendants failed to follow applicable School District and PED rules, regulations, and guidelines for athletic programs in general and the wrestling program in particular.

**{4}** The case was strenuously litigated, including Defendants' motion for summary judgment in which they argued that the case should be dismissed because none of the causes of action asserted were allowable under the Tort Claims Act. The district court denied the motion in full. Defendants filed multiple subsequent motions for reconsideration, all of which were denied, with the exception of one item not relevant to this appeal. As a result of the district court's rulings the case was submitted to the jury essentially as pled by Plaintiffs. The district court wrote its own UJI 13-302A NMRA "theory of the case" instruction truncating and summarizing Plaintiffs' theories. The instruction is reproduced below.

> To establish negligence on the part of a [D]efendant, [P]laintiffs have the burden of proving at least one of the following:
>
> 1. The. . . School District failed to enforce or follow prescribed procedures to conduct complete background checks on Defendant Otero to coach seventh and eighth graders at the Valencia Middle School premises before permitting coaching to begin for the school year 2012-2013;
>
> 2. The School District had actual prior knowledge or should have known of four alcohol related arrests of Defendant Otero when he applied at Valencia Middle School for the 2012-2013 school year and could have discovered five alcohol related arrest[s] in July of 2012 and failed or refused to consider these prior to employing Defendant Otero for seve[n]th and eighth graders, causing the negligent operation of its school premises for any wrestlers coached at that location.
>
> 3. The wrestling coach or coaches failed to follow rules requiring skill and experience and age level to be considered prior to engaging a fifteen year old wrestler . . . who placed third in District wrestling the prior year with a twelve and one half year old wrestler (Plaintiff) with no prior experience in a drill called "king of the mat";
>
> 4. The wrestling coach or coaches failed to follow regulations requiring a coach to recognize injuries and to provide immediate and appropriate care; or
>
> 5. The School District failed to follow the warnings on the mats that require that only properly trained and qualified instructors should supervise use of the mats.
>
> The Plaintiff has the burden of proving that such negligence was a cause of the injuries and damages to Matthew Gurule, a minor.

The . . . School District denies it was negligent and denied that any of its actions or omissions caused Plaintiff's injuries. Defendant asserts that Plaintiff's injuries were not the result of anyone's negligence, but that they resulted from the acts of third parties or was an accident for which no one is liable.

Defendant asserts that Plaintiff failed to mitigate his damages and that if you decide that Defendant was negligent and that its negligence was the cause of Plaintiff's injuries, then his damages must be reduced by the amount of damages caused by this failure to mitigate. Finally, Defendant asserts that if you find that they were negligent in any respect, then the negligent/fault of all persons must be considered, and fault apportioned among all persons including people who have not been sued, under the doctrine of comparative negligence.

Defendant has the burden of proof that Plaintiff or persons other than Defendant[s'] employees were negligent and that such negligence was a cause of Plaintiff's injuries.

Plaintiffs do not raise any issue on appeal directed at the changes made by the district court to their requested instruction. The case was tried over the course of nine days. The jury rendered a verdict in favor of Defendants, finding no negligence on the part of any Defendant.

**Analysis**

**{5}** Plaintiffs argue that the district court erred in refusing to admit their exhibits numbered 16(a), 16(b), 16(c), 17, and 18(a) through (k) into evidence. These exhibits comprised excerpts from the School District's policies, an excerpt from its personnel manual, and an excerpt from the School District's Athletic Handbook, spanning fifty pages of material by our count. "With respect to the admission or exclusion of evidence, we generally apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment[.]" *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). To merit reversal, the complaining party must show that the erroneous admission or exclusion was prejudicial. *Cumming v. Nielson's, Inc.*, 1988-NMCA-95, ¶ 28, 108 N.M. 198, 769 P.2d 732.

**{6}** Both parties filed their trial exhibit lists on June 2, 2015, a week before the trial started. On June 5, 2015, both parties filed their objections to the others' proposed exhibits. Apparently in an attempt to streamline the admission of exhibits during testimony, the district court reviewed the parties' proposed exhibits and held mini-hearings after the trial had started—but outside the presence of the jury—to determine

which exhibits could or would be admitted without the formalities of a motion for admission during testimony. As early as the first day of testimony the district court expressed reservations about admitting the policies and procedures noted above. The district court addressed the exhibits at issue on the third day of the trial. The district court ruled that the exhibits would not be admitted into evidence but that they could be used "for demonstrative purposes" and that they could be displayed to the jury on the courtroom "ELMO" system.[1] At this point the district court did not explain the basis for its ruling.

{7}     A few moments later in the colloquy Defendants noted that they "would like a continuing objection to [P]laintiffs publishing exhibits to the jury that aren't admitted into evidence. We find it confusing and unduly prejudicial to simply show documents which . . . don't . . . have any relevance or bearing on the case and that's our objection." The district court responded,

> I understand and I'm excluding all that, except for what they think is going to be asked a question about because I don't want the jury going through all those rules and regulations. It's mind-boggling. But I'm not going to deny the use of those exhibits to either party. Those rules and regulations have some bearing. I don't think it's appropriate to let the jury have stacks and stacks and piles of rules and regs. This wrestling rule book is the only exception because that's the book that . . . applies to this particular incident, and guidelines whatever. Okay.

{8}     The district court's quoted response is somewhat ambiguous. It appears that it did not deem the exhibits irrelevant. But the district court did not address in any specific way any of the grounds stated in Rule 11-403 NMRA allowing the exclusion of otherwise admissible evidence. And we do not perceive how any of the grounds for exclusion could be seen to substantially outweigh the probative value of the exhibits. There is no basis to find—and Defendants do not argue—that the exhibits were unfairly prejudicial, could cause undue delay, or were needlessly cumulative. The fact that the district court allowed the parties to show the exhibits to the jury as they found useful and to question the live witnesses about them belies any real concern about confusion of the issues, misleading the jury, or wasting time. Defendants assert that the sheer volume of the exhibits and the fact Exhibits 16(a) and 16(c) included some irrelevant material support the district court's concern about confusion on the part of the jury.

{9}     We conclude that this is one of those rare cases where the district court's concern over jury confusion—if concern there was—was misplaced. In this context, a concern about fifty pages of well-organized, readable, and relevant material cannot be said to substantially outweigh its probative value. The exhibits set forth factual evidence

---

[1] An ELMO is an electronic monitoring program that projects an exhibit onto a larger screen so that the jury and spectators can all view it at the same time. It also allows witnesses to point out relevant portions of the exhibits while they are testifying and again, the jury is able to see all of this.

contained in writing that served as the primary source of their content and meaning. The witness testimony served to explain how the exhibits served to regulate the conduct of Defendants. Of course, witnesses would be subject to cross-examination as to their interpretation of the exhibits, but the exhibits remained the primary evidence for the jury to consider. To prevent their admission here was erroneous. We are left with the conclusion that there was no basis under the rules of evidence or the more general concerns revolving around effective trial management[2] that support the district court's decision to exclude the exhibits from admission.

**{10}** Defendants argue that Plaintiffs have waived any error as to some of the exhibits, that Plaintiffs did not preserve the issue, and that the exclusion was not erroneous or was harmless. We deal with the arguments in turn. First, they assert that Plaintiffs have waived any assignment of error as to a number of the exhibits because they either did not use them at trial or because they did not refer to them in their briefs here. We have found error as to the exhibits mentioned in the briefing here. We refuse to find a waiver because it would make no difference to our decision to reverse and remand for a new trial. To find waiver could affect the proceedings on remand. The district court should be free to consider the issues surrounding the exhibits anew.

**{11}** Second, Defendants argue that Plaintiffs did not preserve their arguments because they did make an offer of proof. An offer of proof is appropriate when the district court does not know what the substance of the excluded evidence is. Here the district court knew exactly what the offered evidence was. He apparently read most or all of it. There is no need for an offer of proof in these circumstances. *See* Rule 11-103(A)(2) NMRA; *State v. Rosales*, 2004-NMSC-022, ¶ 19, 136 N.M. 25, 94 P.3d 768.

**{12}** Third, Defendants argue that the exhibits were not relevant because they address matters that do not fit any of the waivers of immunity under the New Mexico Tort Claims Act. NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2015). In effect they wish to relitigate the dispositive motions they argued and lost below. Defendants did not cross-appeal the district court's adverse rulings on their motions, and they cannot otherwise question those rulings in the context of this appeal. *See Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 40, 125 N.M. 721, 965 P.2d 305 ("[O]nce a particular issue in a case is settled it should remain settled." (internal quotation marks and citation omitted)).

**{13}** Fourth, Defendants argue that Plaintiffs suffered no prejudice because they were allowed to show the exhibits to the jury and examine witnesses about them. They note that Instruction 35 told the jury that the evidence it could consider consisted of the testimony of witnesses and the admitted exhibits. As such, they argue, the testimony was sufficient to protect whatever interest Plaintiffs had in presenting the contents of the exhibits to the jury. This argument would have more force if the district court had not

---

[2] We note that it would have been better practice for Plaintiffs' counsel to include in the record not just the exhibits as submitted, but copies of the portions of the exhibits actually shown to the jury. That would have made review more efficient.

made it clear early in the trial that the nonadmitted material was "strictly for demonstrative" purposes as it did when Plaintiffs were questioning a witness using exhibit 18(J). This ruling was in all probability understood by the jury to mean that the exhibits were themselves not evidence and thus were not to be used in its deliberations pursuant to Instruction 35. In addition, during deliberations, the jury apparently asked to see some of the excluded exhibits. That is an indication that simply displaying the exhibits on "ELMO" and asking questions about them was not enough for the jury's purposes. The jury's request to see at least some of the excluded exhibits bolsters our conclusion that their exclusion was prejudicial.

**{14}** This last observation also serves to respond to Defendants' argument that under *Crouch v. Most*, 1967-NMSC-216, ¶ 6, 78 N.M. 406, 432 P.2d 250, the exclusions were harmless. *Crouch* is distinguishable on its facts. The evidentiary issue presented in that case involved a single document: an instruction sheet explaining the manufacturer's suggested use of an antivenom serum that the plaintiff asserted had been ignored when the defendant doctor treated him. *Id.* ¶¶ 2-3. The district court refused to admit the document. *Id.* ¶ 3. But there was full testimony about its instruction not to inject the antivenom into fingers and toes. *Id.* ¶ 6. In addition, the defendant doctor acknowledged that he knew the sheet said not to inject into fingers and toes, but asserted that he did not think the instructions were authoritative. *Id.* Also, the plaintiff's expert testified about the sheet saying he always followed its directions. *Id.* It is clear that the jury in *Crouch* had all the information it needed to decide the case without the instruction sheet in evidence. *See id.* The same cannot be said here.

**{15}** Finally, Defendants note that the pertinent portions of the exhibits were summarized in Instruction 31—the theory of the case instruction. As such they argue, the jury was sufficiently apprised as to the contents of the exhibits. The difficulty with this argument arises from the instruction itself. The instruction does not tell the jury that Plaintiffs' assertions about the contents or meaning of the policies and procedures were accurate. Rather, the instruction places the burden on Plaintiffs to prove the theories— or policies, procedures, rules, and regulations—it described. The instruction did not apprise the jury of anything except Plaintiffs' assertions. Exclusion of the exhibits needlessly heightened Plaintiffs' burden of proof. This by itself constitutes sufficient prejudice to warrant reversal.

**{16}** For the reasons stated, we reverse and remand for proceedings consistent herewith.

**{17}** **IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge Pro Tempore**

**WE CONCUR:**

**EDWARD L. CHÀVEZ, Justice Pro Tempore**

**RICHARD C. BOSSON, Justice Pro Tempore**